UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIKALYN E., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C19-5003 BAT <br><br> **ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff appeals the ALJ's decision finding her not disabled. Plaintiff presented her case to the Commissioner without a lawyer. Tr. 25. The ALJ did not hold a hearing and found, plaintiff's fibromyalgia, systemic lupus erythematosus, cervicalgia, headaches, generalized anxiety disorder, somatic symptom disorder and adjustment disorder with anxiety are severe impairments; plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; and plaintiff cannot perform past relevant work but is not disabled because she can perform other jobs in the national economy. Tr. 26-36.

Plaintiff contends the ALJ harmfully erred by failing to: 1) conduct a hearing; 2) provide valid reasons to reject her testimony; 3) properly develop the record; and 4) provide valid reasons to reject the opinions of Dr. Mary Lemberg, M.D. Dkt. 10. She also contends new evidence presented to Appeals Council undermines the validity of the ALJ's decision. *Id.* As

relief she requests the Court remands the case for further proceedings. The Court agrees and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

### A. Failure to Conduct a Hearing

Plaintiff contends the ALJ erred by failing to conduct a hearing. The Commissioner contends the ALJ was not required to hold a hearing because "plaintiff declined the hearing in writing." Dkt. 11 at 3. The record shows otherwise. The Commissioner acknowledges, a claimant has a right to a hearing before the ALJ subject to a valid waiver. *Id.* The regulations regarding waiver state: "You may send the administrative law judge a waiver or a written statement indicating that you do not wish to appear at the hearing." 20 C.F.R. §§ 404.950(b); 416.1450(b). Additionally, under SSR 79-19, *available at* 1979 WL 15541, at * 2-3, the agency must explain to a claimant he or she has a right to a hearing and the value of a hearing, and that even "if after such explanation, the individual . . . wishes to waive the right to personal appearance, he/she must sign a statement to that effect in accordance with the evidence requirements[1] described below." None of these requirements were met.

Rather, the record shows plaintiff met with Social Security agency staff. Tr. 107. Apparently, agency staff discussed with plaintiff her right to a hearing. After the discussion, agency staff created a form noting plaintiff told the agency she "did not want to appear in person" at a hearing before the ALJ. Tr. 108. The record does not indicate plaintiff sent this form that was created June 17, 2016 to the ALJ. Rather the ALJ notes in a letter to plaintiff dated

---

[1] The "Documentation" required to meet the evidence requires state "An individual or the individual's representative may waive the right to personal appearance at a hearing only by a writing signed by the individual."

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 2

April 21, 2017 that he "understands" she has waved a right to a hearing. Tr. 122. Additionally, even if plaintiff verbally indicated a desire not to appear at a hearing, the record does not show plaintiff signed and submitted a written waiver of hearing as required by SSR 79-9. The ALJ accordingly erred in failing to conduct a hearing.[2]

**B.      Evidence Presented to the Appeals Council**

After the ALJ found plaintiff not disabled, plaintiff obtained counsel, and submitted new evidence to the Appeals Council—opinions of treating source Neil Moody, PA-C. Mr. Moody's opinions are part of the record and the Court thus reviews them under *Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F3d 1157, 1163 (9th Cir. 2012). The Commissioner argues Mr. Moody's opinions do not undermine the ALJ's decision because "he did not identify new findings, diagnosis or other evidence"; In short, the Commissioner contends Mr. Moody's opinions provide nothing that the ALJ had not already accounted for in determining plaintiff's RFC. Dkt. 11 at 11. This is not the case. Mr. Moody opined plaintiff could lift 10 pounds occasionally and 5 pounds frequently and that increased activity would exacerbate plaintiff's pain and fatigue symptoms, and that her pain affected her ability to remain on-task. Tr. 9-10. None of these opinions were before the ALJ when he issued his written decision. The ALJ's RFC determination do not account for these limitations, and thus Mr. Moody's opinions undermine that determination.

**C.      Plaintiff's Testimony**

Plaintiff contends the ALJ erred in rejecting her testimony about the severity of her pain and fatigue symptoms. The Commissioner argues the Court should affirm the ALJ's

---

[2] Because the Court reverses on regulatory grounds, plaintiff's Constitutional arguments are not addressed.

determination because the ALJ properly found plaintiff responded well to medications. Dkt. 11 at 6-7. The ALJ noted at times plaintiff responded to medications and at other times, she had flare-ups despite her medications. Tr. 31. The ALJ found medications improved plaintiff's symptoms because between January and April 2017, she had "normal range of motion in all joints and there was no swelling or redness," which is a significant improvement over findings earlier. Tr. 32. But plaintiff did not say she was disabled due to swelling or limited range of movement. She stated she "feels tired all the time and she cannot do much because of her pain." Tr. 31. These symptoms are not contradicted by the lack if swelling or limited range of movement, i.e., one could have good range of movement and still lack of energy and have feelings of being tired all the time. The ALJ accordingly erred.

**D.      Mary Lemberg, M.D.**

Dr. Lemberg performed a consultative psychiatric examination on plaintiff and opined plaintiff was "incapable of performing regular work activities." Tr. 706. The ALJ rejected the doctor's opinion reasoning plaintiff received no mental health treatment or medications; Dr. Lemberg's opinion therefore represented plaintiff's functioning without treatment; and if plaintiff received treatment she could perform jobs in the national economy, as the agency non-examining doctors found. Tr. 34. The ALJ's rationale is not supported by substantial evidence. First, there are no medical records or opinions showing with treatment, plaintiff can perform gainful work activity. There are thus no medical records that contradict Dr. Lemberg's opinions. Second the ALJ incorrectly relied upon the opinions of the non-examining doctors in rejecting Dr. Lemberg's opinions. The ALJ found the nonexamining doctors' opinion plaintiff is not disabled better represents her limitations "if she were to seek and receive appropriate treatment." Tr. 34. However, "[t]he opinion of a nonexamining physician cannot *by itself* constitute

substantial evidence that justifies the rejection of the opinion of . . . an examining physician . . . ." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (emphasis added). Moreover, the non-examining doctors did not opine plaintiff would be able to perform gainful work **if** she received appropriate treatment. Hence the ALJ's finding that they did is not supported by substantial evidence. Instead, they opined plaintiff was not disabled—a finding at odds with the ALJ's acknowledgment that plaintiff was disabled due to lack of treatment, but could become functional so long as she received appropriate treatment.

## CONCLUSION

For reasons above, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall conduct a hearing, reevaluate plaintiff's testimony, and Dr. Lemberg's opinions; develop the record and redetermine plaintiff's RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 8th day of July, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge